Receipt number AUSFCC-11452265

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No: 26 -** 10000

( Judge: ______________ ) 26-1318 T

ADAM TERRANOVA, and
GRACE TERRANOVA,
Plaintiffs.
v.

The United States,
Defendant.

**COMPLAINT FOR INCOME TAX REFUND**

1) Plaintiffs, Adam Terranova and Grace Terranova, by and through their attorney, file this complaint against Defendant, the United States of America, seeking a refund of the overpayment of federal income tax paid for the tax years 2021 and 2022 and allege in support of this complaint, the following:

**NATURE OF ACTION**

2) The nature of this suit is a claim for the refund of the overpayment of federal income tax pursuant to Internal Revenue Code under section 26 U.S.C. 7422(a).
3) As a prerequisite to Plaintiffs' filing a refund claim under Section 7422(a), the Plaintiffs must first file "*a claim for refund or credit…with the Secretary.*"
4) Once a refund claim has been filed with the Secretary, then the taxpayer may maintain a suit or proceeding "*in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.*"

5) Section 7422(f)(1), provides in relevant part that Plaintiffs may file "*a suit or proceeding… **only** against the United States.*"

**6)** The filing of a form 1040X is defined as the filing of a claim for refund or credit with the Secretary pursuant to section 301.6402-3(a)(2).

**7)** The Plaintiff timely filed a form 1040X for tax years 2021 and 2022 as provided in greater detail below and as provided under section 6511 which provides generally that a tax credit carry-back is timely if a 1040X is filed within three years of the filing of the tax return for the year in which a tax credit allocation was received by the taxpayer.

**8)** In this case, Plaintiffs purchased an Energy Storage Technology property defined under section 48(a)(3)(A)(ix) and also defined under section 6417(b); Plaintiffs were allocated a tax credit under section 48(a)(2)(A)(vi) and 48(a)(9)(A) that can be treated or characterized as both a General Business Credit (Energy Credit) under section 38 and/or an Applicable Credit under section 39(a)(4) and section 6417(b).

**9)** Plaintiffs' refund complaint is based on Defendant's ***denial and disallowance of a 3-year carryback of an "Applicable Credit"*** allocated to Plaintiffs in the 2024 tax year; P is allowed to carry-back the Applicable tax credit 3 years to tax years 2021 and 2022 under section 26 U.S.C. 39(a)(4) with respect to property defined and included under section 26 U.S.C. 6417(b).

**10)** Section 39(a)(4) allows an Applicable Credit to be carried back 3-years from the current tax year to obtain a refund of tax paid in such prior year provided the credit is included as a qualifying Applicable credit under section 6417.

**11)** Defendant erroneously denied Plaintiffs' 3-year carry back of the Applicable Credit after Plaintiffs filed a 1040X tax return to amend its 2021 and 2022 tax return by applying section 39(a)(1) which allows for a 1 year carry-back of a "General Business" credit.

## PARTIES

12) The Plaintiffs under the complaint are Adam Terranova and Grace Terranova, husband and wife, residing at 585 Union Avenue, Unit 3-B; Brooklyn, New York 11211.

13) The Defendant is the United States of America pursuant to 26 U.S.C. 7422(a)(1) and 7422(f)(1),

## JURISDICTION AND VENUE

14) The Court has jurisdiction over the subject matter of this suit pursuant to section 28 U.S.C. 1346(a)(1) and 28 U.S.C. 1491(a)(1).

15) **Section 1346(a)(1)** provides in relevant part that "*The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: **(1)** Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.*"

16) Plaintiffs' complaint is for a tax refund that has been erroneously or illegally assessed or collected.

17) **Section 1491(a)(1)** provides in relevant part that "*The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department.*"

18) The authority to deny a tax refund is based on the Internal Revenue Code which is an Act of Congress and the Code of Federal Regulations was written and enacted by the U.S. Treasury Dept. which is an executive department of the United States.

19) This action is timely pursuant to 26 U.S.C. 6532(a) which provides in material part that "*No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time.*"

20) The Secretary has rendered a decision denying the tax refund on December 31, 2025.

21) Plaintiffs exhausted their administrative remedies prior to filing this suit as required by 26 U.S.C. 7422(a).

22) The filing of the amended 1040X tax return for the **tax year 2021 and 2022** constitutes a formal claim to the Secretary for a tax refund under 26 U.S.C. 301.6402-3(a)(2) which provides in relevant part that "*In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X ("Amended U.S. Individual Income Tax Return).*"

23) Based on the authority stated above, venue is proper in this court.

## STATEMENT OF FACTS

24) All code sections cited in the Statement of Facts refer to Title 26 of the United States Code as provided in the Internal Revenue Code of 1986 as amended.

25) The dispute giving rise to Plaintiffs' refund claim is a simple matter of law:

(A) A section 38 "General Business Credit" includes tax credits under many difference code sections and includes an Investment Credit under section 46.

(B) The Plaintiffs purchased an **Energy Storage Technology** property and were allocated an Investment Tax Credit under section 46 which is also called a qualified Applicable Tax Credit ***meaning a General Business Credit equals an Investment Credit which equals an Applicable Credit.***

(C) An Applicable Tax Credit may be carried-back 3-years under section 39(a)(4) if the tax credit applies to property defined under section 6417(b) allowing the taxpayer to obtain a refund of tax paid in a prior year starting with the earliest of the 3 years prior to the current tax year of tax credit allocation which in this case if 2024;

(D) A General Business Tax Credit may be carried-back 1-year under Section 39(a)(1);

(E) Defendant incorrectly mischaracterized an Applicable Credit as a General Business Credit;

(F) Defendant allowed a 1-year tax credit carryback from the tax year 2024 to the tax year 2023 but disallowed a carryback to 2021 and 2022;

(G) Defendant denied Plaintiffs' 3-year carryback of its Applicable Tax Credit from tax year 2024 to the tax year 2021 and 2022;

(H) Plaintiff's claim is that the Defendant's denial is erroneous and that Plaintiff should be allowed the 3-year carryback of the Applicable Credit under section 39(a)(4) so as to allow the Plaintiff to obtain a refund of tax paid in 2021 and 2022.

26) Energy Storage Technology property is any equipment that is capable of receiving any type of energy, storing the energy received and then converting the energy into electricity on demand in the future as defined under section 48(c)(6).

27) A simple example of Energy Storage Technology property is a rechargeable battery which stores energy and converts the stored energy into electricity on demand; in the case of Plaintiffs, the Energy Storage Technology property consists of the interdependent energy property components which receive, store and convert energy into electricity through a hydrogen fuel cell which converts hydrogen into electricity on demand.

*28)* **Section 39(a)(1)** reads in material part that a "***1-year carryback…*** *If the sum of the business credit carryforwards to the taxable year plus the amount of the current year business credit for the taxable year exceeds the amount of the limitation… such excess (to the extent attributable to the amount of the current year business credit) shall be…* ***a business credit carryback to the taxable year preceding the unused credit year";*** the phrase "*preceding the unused credit year*" means Plaintiff is allowed a 1-year tax credit carryback of the General Business credit; Defendant incorrectly characterized the Plaintiff's Energy Property as a General Business Credit instead of an Applicable Credit.

*29)* **Section 39(a)(4)** amends the language of 39(a)(1); Section 39(a)(4) reads in relevant part that "*in the case of any* ***Applicable Credit*** *(as defined in* ***section 6417(b)****…this section shall be* ***applied separately from the business credit*** *(other than the applicable credit),… (and) paragraph (1) shall be applied by substituting* ***each of the 3 taxable years*** *for* ***the taxable year***; the phrase "each of the 3 taxable years" means the Applicable tax credit is allowed to be carried back to the earliest of the 3-years and then carried forward until exhausted. (emphasis added).

30) **Section 39(a)(4)** causes section 39(a)(1) to read as follows: "*in the case of any Applicable Credit (as defined in section 6417(b) … this section shall be applied separately from the (general) business credit (other than the applicable credit)… (and) such excess (to the extent attributable to the amount of the current year business credit) shall be… a business credit carryback to ~~the taxable year~~ each of the 3 taxable years preceding the unused credit year.*" (emphasis added).

31) Section 6417(b)(12) reads in relevant part that "*An Applicable Credit means…the Clean Electricity Investment Credit*".

32) The Plaintiffs purchased a qualifying Energy Storage Technology Property under section 48(a)(1)(B) and were allocated a Clean Electricity Investment Tax Credit which is also characterized as an Applicable Credit under section 6417(b).

33) Consequently, a Clean Electricity Investment Tax Credit is simultaneously treated or characterized for purposes of other IRC codes sections as **(a)** an Investment Credit under section 26 U.S.C. 46; **(b)** a General Business Credit under section 38(a); **(c)** a Specified Credit under section 26 U.S.C. 38(c); and **(d)** an **Applicable Credit** under section 26 U.S.C. 39(a)(4).

34) During the 2024 tax year, Plaintiffs' purchased a qualified **Energy Storage Technology property** pursuant to section 48(a)(3)(A)(ix) and were allocated a Clean Electricity Investment Tax Credit under section 48(a)(2)(A)(vi) in the amount of $ 192,800.

35) The Plaintiffs filed an extension for the 2024 tax return on April 14, 2025 and then filed their 1040 tax return for the tax year 2024 on or about September 18, 2025; the Plaintiff reported the allocation of the Clean Electricity Investment Credit of $192,800 with the intent to use part of the credit as an Applicable Credit under 39(a)(4). **EXHIBIT 1** – 2024 Tax Return.

36) In 2024, the Plaintiff's applied $42,688 of the $192,800 tax credit allocated to reduce tax owed for the tax year 2024, the remaining $150,112 is an excess Applicable credit.

37) Under section 39(a)(4), the Applicable Tax Credit may be carried back up to 3-years; in this case the Applicable tax credit was allocated in 2024 and is allowed to be carried back to the earliest tax year 2021 and then to the next earliest tax year of 2022.

38) Plaintiffs filed amended 1040X tax returns for 2021 and for 2022 to carryback the excess Applicable tax credit of $150,112 from 2024 first to the earliest tax year of 2021 and then to the next earliest tax year of 2022 to claim a refund of **$136,971 for tax year 2021** and **$13,141 for tax year 2022**.

39) The Plaintiffs filed form 1040-X on or about January 30, 2026 by carrying back the Investment Credit under 26 USC 39(a)(4) as an Applicable Credit as defined under 6417(b) to obtain a partial refund of taxes paid in the 2021 and 2022 tax year. **EXHIBIT 2** – 2021 Amended 1040X tax return; and **EXHIBIT 3** – 2022 Amended 1040X tax return.

40) The filing of the amended 1040X tax returns for the **tax year 2021 and 2022** constitutes a formal claim to the Secretary for a tax refund under 26 U.S.C. 301.6402-3(a)(2) which provides in relevant part that "*In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X ("Amended U.S. Individual Income Tax Return).*"

41) Pursuant section 6511, the filing of the amended return was timely.

42) Defendant erroneously denied Plaintiffs' claim for refund on form 1040X tax return by erroneously stating that the Applicable Credit was a General Business Credit which may only be carried-back 1 year.

43) An Applicable Credit is allowed a 3-year carryback under section 39(a)(4); by comparison, a General Business Credit under Section 39(a)(1) is limited to a 1-year carryback.

44) Defendant's letter dated, December 31, 2025, denied and disallowed Plaintiffs' 3-year carryback erroneously relying on section 39(a)(1) stating in relevant part that "*Under IRC*

*39 any unused **general credit** must first be carried back 1-year before it can be carried forward*" EXHIBIT 4.

45) Defendant's denial is erroneous because it is based on section 39(a)(1) which allows for a 1-year carry back of a General Business Credit as described under section 26 U.S.C. 38; however, ***section 39(a)(1) does not apply to an Applicable Credit.***

46) Defendant has erroneously allowed Plaintiff a 1-year carryback under section 39(a)(1).

47) Section 39(a)(4) reads in relevant part that "*in the case of any Applicable Credit (as defined in section 6417(b)...this section shall be applied separately from the business credit (other than the applicable credit),... (and) paragraph (1) shall be applied by substituting "**each of the 3 taxable years**" for "the taxable year."*

48) Plaintiff is allowed a 3-year carryback of its Applicable Tax Credit under section 39(a)(4) enabling it to carryback the Applicable credit to the earliest tax year of 2021 and then to the tax year of 2022 to obtain a refund of tax paid.

## COUNT ONE: CLAIM FOR TAX REFUND

49) Plaintiffs repeat and incorporate each of the foregoing allegations as if fully set forth herein.

50) Plaintiffs' claim for refund is based on the proper reporting and characterization that section 39(a)(1) does not apply to an Applicable Credit.

51) Section 39(a)(4) applies to an Applicable Credit, as defined under section 6417(b), which allows the Plaintiffs to carry back its Applicable Tax Credit 3-years to obtain a partial refund of taxes paid in 2021 and 2022.

52) Section 6417(b) defines an Applicable credit as an Energy Storage Technology property.

53) Plaintiffs are entitled to carryback an Applicable Credit 3-years under 26 U.S.C. 39(a)(4).

54) Plaintiffs' claim for refund seeks a refund in the amount of $ 136,971 for the earliest tax year 2021 and then a $13,141 refund of tax paid in the tax year 2022.

55) Plaintiffs' claim for refund was timely filed pursuant to section 6511.

**COUNT TWO: REQUEST FOR DECLARATORY RELIEF**

56) Plaintiffs repeat and incorporate each of the foregoing allegations as if fully set forth herein.

57) Plaintiffs seek declaratory relief stating that: "26 U.S.C. 39(a)(4) allows an Applicable Credit as defined under 26 U.S.C. 6417(b) to be carried back 3-years from the current tax year."

**PRAYER FOR RELIEF**

58) WHEREFORE; Plaintiffs, Adam Terranova and Grace Terranova, demand judgement and other relief against Defendant as follows:

59) Judgement for a tax refund in the amount **of $136,971** (one hundred thirty six thousand nine hundred seventy one) for the tax year **2021**;

60) Judgment for a tax refund in the amount of **$13,141**(thirteen thousand one hundred forty one) for the tax year **2022**;

61) Judgement for interest on the aforementioned sum allowed by law;

62) Declaratory Relief that an Investment Credit may be characterized and used as an Applicable Credit under 26 U.S.C. 39(a)(4), as defined under 26 U.S.C. 6417(b), and may be carried back 3-years from the current tax year."

63) Award of Plaintiffs attorneys' fees and other costs incurred in this action pursuant to 26 U.S.C. 7430 and 28 U.S.C. 2412.

64) Such other relief as the Court deems just and proper.

///

Law Office of Kent Salveson

Date: August 31, 2026

Kent Salveson, Attorney for Plaintiffs

2600 Hillsboro Pike #157

Nashville TN 37212

Phone: 949-291-7393 / Email Kent1199@Gmail.com

## GRAPHICAL EXHIBT OF RELEVANT TAX CODES

**Section 38:** General Business Credit

( There are forty-one types of General Business Credits including section 46 Investment Credits)

**Section 46:** Investment Tax Credit
Clean Electricity Investment Credit Property
(includes **Energy Storage Technology property**)

**Section 48:** Energy Property:

Clean Electricity Credit and/or Energy Credit

(includes Energy Storage Technology Property)

**Section 39(a)(4):** Applicable Credit

(includes any property defined under Section 6417(b) and allows a 3-year carry back of the tax credit)

Section 6417(b)

(includes **Energy Storge Technology property**)

***APPLICABLE TAX CREDIT***

**Section 39(a)(1):** ***General Business Credit***

(allows a general business tax credit to be carried back only 1-year.)

X